Good morning, Your Honors. May it please the Court, my name is Paul Bart Green and I represent the petitioner Jose Luis Urista Guerra. Before I proceed, I'd like to reserve a few minutes for rebuttal and plan to keep track of my own time. Thank you. This is a withholding of removal and convention against torture case that the Court should remand to the Board of Immigration Appeals for further proceedings. The main reason that this Court should remand to the BIA is that the BIA violated Mr. Guerra's due process rights when it summarily dismissed his pro se notice of appeal, even though it apprised the BIA of specific reasons for his appeal. Mr. Guerra is uneducated. He does not speak English. He was detained during the course of the underlying proceedings and he represented himself pro se. Because he represented himself pro se, this Court must construe his submissions in a deportation proceeding liberally. When construed liberally, Mr. Guerra's pro se notice of appeal did apprise the BIA of specific reasons for his appeal. He apprised the BIA of three specific due process violations. In Mr. Guerra's notice of appeal... Why don't you just tick through them? What are the three? Yeah, thank you for asking, Your Honor. The notice of appeal is found at the record at AR 250. And to walk Your Honors through the notice of appeal, the very first sentence in the notice of appeal states, the immigration judge denied my case based on my medical records. Mr. Guerra there is specifically pointing to Exhibit 17 that was submitted to the immigration judge. When submitting this document at the end of the merits hearing, Mr. Guerra described it as my medical records at the proceeding. What's the due process violation that that sentence tees up? The due process violation is that the immigration judge did not consider the medical records that Mr. Guerra submitted and the BIA... The sentence says that the judge denied my case based on my medical records. So how is it that he's saying that the judge ignored them? Well... And how could you possibly get that out of the IJ's decision? Your Honor, Mr. Guerra's proceeding pro se, so his submissions... Right, but under any construction here, the BIA has to look at the IJ's decision. The IJ's decision, as I read it, deals extensively with credibility problems, doesn't deal at all really with medical problems. So I don't know what the BIA is supposed to do with this. Well, Your Honor, the medical records, Exhibit 17, showed that Mr. Guerra had been tortured at the hands of a drug cartel in Mexico. The immigration judge found that Mr. Guerra lacked credibility in part because of the medical records that he submitted. The immigration judge said... Did the IJ refer to Exhibit 17? Yes, he did, Your Honor. Okay, where did he refer to that? He referred to that, Your Honor, in his opinion... Where he... Specifically on page 15 of his opinion, which is found at the record at AR 268, the immigration judge cited Exhibit 17, which Mr. Guerra referred to as his medical records at the proceeding, and said that the applicant stated that he had a medical examination at that time. The court noted that in the medical document dated in May, the applicant began to suffer hernias, an apparent problem with his testicle. And the court then goes on to describe the questions asked by the immigration judge of Mr. Guerra. What could the BIA possibly make of that? What due process problem is there in that paragraph? If that's the reference by the IJ to Exhibit 17, and even if the BIA could link up, he denied it based on my medical records, could figure out that he was referring to Exhibit 17 and then ran a finder to see where it was in the IJ's opinion, what would tell the BIA what the problem was? What should the BIA... I don't know, reading this today, after having read your brief, what the problem is. Thank you, Your Honor. The problem is that Mr. Guerra was proceeding pro se. I understand that, and we'll cut him a lot of slack. But he also told the BIA that he was going to provide a brief, and he requested extension after extension after extension, which the BIA generously granted him. Failed to file the brief. This is what we've got. So what does the BIA do with this? What would you like us to find in this paragraph that would tell us that there was a due process violation? Specifically, the court referred to Exhibit 17, and after the court had reviewed Exhibit 17, he said on the record that he had only reviewed the document briefly and that he had not read all of the pages of the document. And he then reached the conclusion that Exhibit 17 did not support the fact that Mr. Guerra had been tortured. That's the same conclusion that the immigration judge reached in his written opinion. And by proceeding pro se, Mr. Guerra does not have to use exact legalese. Just because you're going to run out of time quickly, what's number two? What's number two? Because this one is not your strongest. I would say maybe the next two sentences get you closer to a due process violation. Thank you, Your Honor. The second and third sentences in the notice of appeal specifically refer to the lack of time Mr. Guerra had to submit evidence in support of his application. And it also refers to the hearing that was canceled on the September 23, 2014 hearing that was canceled. So Mr. Guerra is referring to his evidence of his service in the military. He was tortured by a drug cartel because he learned certain skills in the military that he refused to provide to the drug cartels. The immigration judge at the underlying hearing specifically asked Mr. Guerra to corroborate his service in the military. And he asked on July 30, 2014, the first day of the merits hearing. And he asked again on July 31, 2014, the second day of the merits hearing. And Mr. Guerra explained that his sister was looking for that documentation, that she was in Utah and if the documentation existed, it would be in Mexico. Mr. Guerra walked out of that hearing thinking that he was going to have another hearing in September. But that hearing was canceled without explanation in the immigration judge's final order. So Mr. Guerra had effectively one day to find that evidence of his service in the military. And Mr. Guerra has continued to search for evidence, and I can tell you today, Your Honors, that I've been informed that Mr. Guerra has found photos of his service in the military that should corroborate his time in the military. Wouldn't the appropriate procedure then be a motion to reopen? It's not going to be timely, but he might offer some explanation. Your Honor, that would be one option. Mr. Guerra appealed this case to this court pro se. So if given another opportunity, he might be able to consider other options for reconsideration of his case and the due process violations that occurred at the immigration level and also at the Board of Immigration Appeals notice. And was the IJ obligated to hold the record open for unlimited time? I do not know the answer to that, Your Honor. Well, that's a legal question, right? Yes, it is a legal question. What do your instincts tell you? No, I don't think the IJ was obligated to leave the case open for an unlimited amount of time. As soon as the IJ issued his final opinion, then it became a case that was appealable. So the notice of appeal is filed in 2014, and we are now hearing today for the first time that he's obtained the military record. So that would be four years later. So where's the due process problem if he doesn't get the records for another four years? Your Honor, I— What should the IJ have done? What should the BIA have done? Your Honor, I don't know precisely when he found the photos. He was detained during the underlying proceedings, which limited his ability to find evidence. The IJ should have permitted Mr. Guerra more time to search for the evidence. The court has found that five months is a sufficient amount of time to find corroborating evidence once an applicant is on notice of the need to find the corroborating evidence. Here, Mr. Guerra had one day, and he— in the interim, I have—I'm just letting you know, I have found the records. So with additional time, I could have found them. This was a violation for the IJ to have done that. Now, it's four years later, and we've now, you know, a wonderful appointed counsel who have come in and now tell us at oral argument that he's got something which I take it you haven't seen, but we understand there is something that he thinks can corroborate this. So I'm still trying to figure out what the BIA was supposed to do here. The BIA should have looked at the record before it, which included Mr. Guerra's notice of appeal, which had three specific due process violations identified. They should have also looked at the IJ's opinion and compared it with the notice of appeal, and they should have also looked at the other submissions by Mr. Guerra in the case. He also submitted a motion for extension of time, and that's at AR 241. And in there, he used the phrase due process. He specifically wrote that he had made the request for more time to, quote, ensure that his due process rights under the Constitution of the United States can be ensured and secured. Well, I thought the answer to Judge Bybee's question about what the BIA should have done here was actually a much simpler one than what you just said, because I don't think the merits of the due process issues are before us. I think all that's before us is the question whether the BIA should have used the summary dismissal procedure or instead should have been forced to resolve the merits of the claims itself. So as I understand what you're asking us to do is nothing more than send this back to the BIA with instructions saying that this was not a summary dismissal case. You must actually reach the merits of whatever questions have been properly put before them in the notice of appeal. Am I wrong about that? You're right, Your Honor. The BIA abused its discretion in denying Mr. Guerra's motion for extension of a late-filed brief. And by doing that, it put the ---- Well, let me just be clear. That brief is pretty much useless. So I don't ---- and I actually don't think there was an abuse of discretion in not giving him more time. But put that aside. I still think the question is, well, did he properly present? And the other question to you is whether our exhaustion cases have something to say about this. But does the notice of appeal itself, put aside the later, the late-filed brief, does that properly put before the BIA some form of a due process claim? And if it does, then I thought all you were saying is please send it back to the BIA and have them resolve that claim or those claims on the merits. Yes, Your Honor. This Court, we urge to remand this case to the BIA for further proceedings. I think that ---- So where's the error in the summary dismissal? Where's the error in the summary dismissal is that the BIA did not consider the specific reasons identified in that notice of appeal. I would ---- if there's one case I would have the Court review, it's Garcia-Cortez v. Ashcroft. And that case is directly on point factually. The petitioners there acted pro se. They filed a late-filed brief, and they checked that box on the form saying that they would file a brief, and they filed it late. But the Court remanded to the BIA based only on the few sentences they had in the notice of appeal. And the petitioners there pointed to evidence that was before the immigration judge, that the immigration judge did not spend enough time thoroughly examining or explaining why it was not relevant. It is also within this Court's discretion, because due process claims have been brought up, to consider the entirety of the record. And when it remands to the BIA, if it remands to the BIA, to issue directions that it be sent to the IJ for further proceedings because Mr. Guerra ---- I don't think that's right at all. All we have before us is a summary dismissal. So the only thing we can rule on is whether that process was properly invoked. And if we say that it was not, the most it seems to me we can do is send it back to the BIA and say, resolve this on the merits. Your Honor, I would submit that the notice of appeal gives sufficient reasons to do that, and I'll reserve the rest of my time for rebuttal. Okay. We took up quite a bit of your time, counsel, so I'm going to allow you at least another minute. Okay. Thank you, Your Honor. We'll hear from the government. Ms. Pratt. Good morning, Your Honors. Cherise Pratt for the respondent, Jefferson B. Sessions III. Your Honors, summary dismissal was appropriate by the Board in this case. If you look at the notice of appeal, he just has four sentences. The first sentence says, the IJ denied my case based on medical records. That's insufficient to put the Board on notice of the issues on appeal. Okay. In fact ---- Maybe I'm with you on that. But what about the next two sentences? Okay. The next sentence, he did not give me time to turn in all my evidence. What evidence? He doesn't identify the evidence he intended to file, how it would change the adverse credibility determination or how it would change the outcome. The record is 1,062 pages. Right. And if this had been filed by a lawyer who then said, hey, and I'll get around to filing the brief but never did, no doubt we would have upheld a summary dismissal. But I think our case law says for pro se petitioners that this is enough. This is the most we can expect them to be able to do is to alert the BIA to the problem. And the problem he's saying is that, hey, I thought I was going to have more time to submit additional evidence. And it wasn't given to me. And, in fact, this hearing was canceled without notice to me. And that's why I'm in this predicament. Well, what happened was there was a two-day merits hearing. He testified he was the only witness. That was on July 30th and 31st. And at the close of the hearing, the judge asked him for evidence, which he said he didn't have. And the judge said he will hold this over until September for a oral decision, or maybe even sooner he would issue a written decision. And that's what he did. Six weeks later, he issued a 22-page written decision. So he never said there was going to be another hearing on the merits in the case. Okay, well, so maybe the claim fails on the merits. But I guess all I'm asking you is, in terms of the summary dismissal process, I just don't think that that can be invoked when the petitioner has identified for the BIA in a concrete way the thing that he or she says went wrong. And if it's a pro se person, we don't require them to cite legal authority and to spell out in detail exactly, you know, what the particulars are. But just it's enough if the BIA has put on notice of the general defect that the person is complaining of. And I guess I don't see why those second and third sentences don't accomplish that. Well, in Garcia-Cortez, it says, Conclusory generalized statements are insufficient. The person has to give detailed reasons, what aspects were incorrect and why, the particular details contested, the facts in contention, and how the I.J. misinterpreted the evidence. That's lacking in this case. So what more did he have to say? Well, he could have cited to the harsh portion of the I.J.'s opinion. I didn't have time to turn in my evidence regarding my military service? If that's the evidence he was referring to, we don't know. We're forced to guess. Whether it was medical records, whether it was the letters from his friends and clergy that he submitted, in that motion for cancellation of removal, he submitted a number of documents along with that. Who knows what evidence he was referring to? The Board would be forced to guess. Can I ask you this just as a doctrinal matter? Do you see any problem if we were to say in this case that the standard we've set up for exhaustion is basically the standard that governs whether summary dismissal is appropriate? In other words, if a pro se petitioner has done enough in the notice of appeal to exhaust a claim, and I'm thinking of Wren in particular, and maybe you could explain why Wren is distinguished upon this front. But if the petitioner has done enough to exhaust the claim in the notice of appeal, then it seems to me summary dismissal cannot be appropriate. Is that wrong as a doctrinal matter? Well, it just looks like he did enough to exhaust his claim here. He only said that he didn't have enough time to submit sufficient evidence, but if you look, he was provided quite a few opportunities to submit evidence. On May 20, 2014, he was given notice of the right to submit evidence. I know, but what you're saying goes to the merits. Yeah. Right. And that's not relevant. So what are you asking? So I guess, okay, all I'm saying is that I understood our case law to say that with respect to pro se petitioners, we don't demand a whole lot of them, right, in terms of all the particulars and legal authority. We don't demand that. All we demand from them is that they put the BIA on notice in a general sense of what the defect in the underlying proceedings they're complaining about. And I'm saying that for exhaustion purposes, we have cases that are pretty lenient in saying that something as general as this, you know, once the case comes to our court, as long as the person kind of said this to the BIA, that we will deem the claim to have been exhausted. And so I guess I'm saying that if that's the case, then I don't see once exhaustion is shown or that standard would be met, I don't see how the BIA can use the summary dismissal proceeding, because by definition it will have been put on notice of the defect that it was supposed to correct. And then that means it has to resolve it on the merits, and that would be then what you were about to say would become relevant. Well, I think the case law says that they usually look at the notice of the appeal and the brief with it to see does the brief cure any defects in the notice of appeal. Here there were quite a few defects in the notice of appeal. And, you know, like I said, there was no idea which evidence he's referring to, military, letters of references, medical records. And the record was very, very big, 1,062 pages. And here he filed the brief. The board had an opportunity to look at the, well, if you want to call it a brief, the motion for cancellation of removal. They had an opportunity to look at what he wanted to file and the attached evidence with it. And they said this doesn't address the adverse credibility determination. It was insufficient. It didn't overcome the basis that the IJ had identified. So what you're suggesting is that the standard is not met unless they meet the test that's laid out in Garcia-Cortez. Correct. And the defect you've already laid out for us, and that it simply wasn't specific enough, he needed to not only tell us the specifics within the medical records, for example, within the military records, what was missing in his notice. Yes. To the record, point to what it is, you know, military evidence or whatever. And here the petitioner is attempting to proffer issues on appeal for the first time before this court. You cannot discern those issues from that four-sentence notice of appeal, the issues that they're now saying. Well, can I just direct you to Wren? Because there we have, tell me if I'm remembering this right, I think we had a pro se petitioner who filed a notice of appeal but no brief, just like here. And the notice of appeal, I think, said nothing more than, I believe that I did establish that my life freedom, my life slash freedom, would have been threatened in China on account of my strong beliefs and practice of Christianity. Full stop. That's the sum and substance of what the person alerted the BIA to as the supposed error. And I think we held there that, yeah, that was good enough. It didn't have particulars. It didn't say this. It didn't cite legal authority. But that that was enough to exhaust the claim and that, therefore, allowed our court to reach the merits. And it just seems like, well, my goodness, if that's enough, then why aren't the second and third sentences of our petitioner's notice of appeal sufficient to alert the BIA that he was complaining about some kind of a due process defect in not being allowed enough time to submit his evidence? And the case law says, like, if there is a deficiency, like I'm identifying, the deficiency was that he didn't sufficiently identify the evidence, then you can look to the brief to see if the brief supplements that. It did not in this case, the brief and the attachments, the evidence. Well, I fully agree with you, but I'm saying that in Wren, the petitioners didn't, they never filed a brief at all. So all we had was the notice of appeal, and all it said was the sentence I read to you. And we said, yeah, that was sufficient to put the BIA on notice, and therefore the claim was exhausted. And I guess all I'm saying is that let's pretend he never tried to file a brief. All he filed was the notice of appeal. Wouldn't we be compelled to say that because he's pro se, those second and third sentences do adequately alert the BIA to the due process claim that he was trying to raise? Now, maybe it's not meritorious, but they at least put them on notice of what he thought went wrong in the proceedings below, doesn't it? The fact that some evidence wasn't. Yeah, that I did not get an adequate opportunity to present all the evidence that I had. And, in fact, I thought I had this second opportunity or third opportunity, whatever you want to call it, in September. And then the judge canceled what he thought was going to be another hearing with no notice, and therefore I never got a chance to put in all my evidence. But then when you look at the chronology, then you see September, that was almost two months after the merits hearing. So, you know, that would be highly unusual for an immigration judge to hold evidence open almost two months past a merits hearing. And in this case, the immigration judge had told him to have his evidence in by July 21st. Okay, but that goes to the merits. Then your claim is not meritorious, but it's not like the BIA hasn't been told what the problem is. That's all we're trying to resolve is whether a summary dismissal was appropriate or instead should the disposition have been on the merits. And it seems to me that he said enough to alert them to what he was complaining about, at least in that respect. And at that point, they can't just say, well, because you didn't file a brief, we're not even going to look at the merits, and you're out. Well, it is a conclusory, generalized statement that Garcia-Cortez said was insufficient in that case. It didn't have any detailed reasons. He just said this blanket statement. He didn't allow me to submit my evidence. So because the notice lacks specificity, the brief was untimely. It did not remedy the deficiencies in the notice.  So if you want to say that that motion for cancellation was the brief. And as the Board said, they reviewed the evidence. They said the medical records do not establish how a medical reason prevented him from filing earlier. So in sum, because the notice of appeal fails to apprise the Board of the issues, summary dismissal was appropriate. He failed to exhaust his arguments that he's now raising for the first time on appeal before this Court. Therefore, his position for review should be denied. Thank you, Ms. Bradt. Mr. Green? Thank you, Your Honors. Just a few follow-up points. Judge Watford pointed to the Wren v. Holder case, and I think that case is exactly applicable here. In that case, the IJ held open the proceedings for five months to give the applicant time to find corroborating evidence. When the Ninth Circuit, in reviewing the BIA's dismissal of the notice of appeal there, recognized that the one-sentence notice of appeal was inartful, but also recognized that it was written by a pro se applicant. But it's pretty clear in looking at the statement that Judge Watford read to the government that he was challenging it, at least that it was pretty squarely challenging it on the basis of, I think I've provided sufficient evidence. And he referred to his Christianity. And it's not much, but you can look at that and say, okay, I understand what the problem is. He thinks that IJ got it wrong on the question of his Christianity. That's a lot more specific than what we've got here. Your Honor, here, though, Mr. Guerra pointed to three specific reasons in his notice of appeal and specifically pointed to his medical records, and that's the same. Medical records is probably not going to get you home on this one at all, Counsel. The other two sentences are the ones that I think the Court has focused our attention on. Thank you, Your Honor. He also specifically pointed to his time, that he needed time to search for records, and the hearing that was canceled. The government represented something to the effect that Mr. Guerra didn't have records of his military service and said that at the hearing. He did not say that. Your Honors would look at AR 436. That's where things were left off with the immigration judge. And Mr. Guerra there specifically said that his sister was searching for the documents. And his sister lived in Utah. The documents were, if they existed in Mexico, and it was from his military service that occurred over 20 years ago. Would the BIA have known that they were looking for, that he was complaining about not having time for the military records? Based on the two sentences in the notice of appeal identifying his lack of time and the canceled. How would they have known that it related to military records as opposed to the medical records, which was referred to in the previous sentence? It could actually refer to either because Mr. Guerra submitted his motion for late-filed brief and submitted additional records about the torture that he incurred that required surgery over a year later because the injuries were so significant. And that was also something that the IJ questioned Mr. Guerra's credibility on. Unless there are any further questions from the court, I see my time is flashing red. Okay. I request the court to remand this case to the Board of Immigration Appeals for further proceedings on the merits of Mr. Guerra's appeal. Thank you, Your Honor. Thank you. The court wants to acknowledge your participation in the pro bono project. This is a great service to the court to have you take up these cases. We want to thank you for that. Thank all counsel for the argument. The case is submitted.
judges: Bybee, Watford, Hernandez